UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ABNER WILLIAMS,

      Plaintiff,

v.                  Case No. 8:20-cv-1991-VMC-AEP

RIPA & ASSOCIATES, LLC, and
FLORIDA ASPHALT CONTRACTORS, LLC,

      Defendants.
_____/

**ORDER**

    This matter comes before the Court upon consideration of the parties' Joint Motion for Approval of Settlement and to Dismiss the Case with Prejudice, (Doc. # 24), filed on April 9, 2021. The Court grants the Motion and dismisses this case with prejudice.

**I.   Background**

    Plaintiff Abner Williams initiated this action against his former employers, Ripa & Associates, LLC and Florida Asphalt Contractors, LLC, on August 25, 2020. (Doc. # 1). The complaint alleges discrimination, harassment, and retaliation in violation of 42 U.S.C. § 1981, Title VII, and the Florida Civil Rights Act, as well as unpaid overtime wages in violation of the Fair Labor Standards Act (FLSA). (Id.).

On March 25, 2021, the parties filed a joint notice of settlement indicating they had resolved all claims in this case. (Doc. # 22). Now, the parties move for the Court's approval of the settlement as it pertains to the FLSA claim. (Doc. # 24).

## II. **Analysis**

In his complaint, Williams alleges that Defendants violated the overtime wage provisions of the FLSA. (Doc. # 1 at 22). Accordingly, the settlement between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982).

The parties have reached a settlement wherein it is agreed that Williams will receive $170.10 in unpaid overtime wages, and an equal amount in liquidated damages. (Doc. # 24 at 2). The parties represent that this figure "represents full payment to [Williams] of all alleged unpaid wages under the FLSA," and Williams "agrees he is being fully compensated for a reasonable estimate of his alleged unpaid wages." (Id. at 4, 6).

It has also been agreed that William's counsel will receive $325.00 in attorneys' fees and costs. (Id. at 2). The parties represent that this figure was "negotiated separately from the amounts claimed by [Williams] for his

underlying claims and are not a function of any percentage of recovery." (Id. at 7).

Therefore, pursuant to Bonetti v. Embarq Management Company, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), and other governing law, the Court approves the compromise reached by the parties in an effort to amicably settle this case.[1] The settlement is fair on its face and represents a reasonable compromise of the parties' dispute.

Since the parties represent that the matter is "fully resolved," (Doc. # 24 at 3), the Court finds it appropriate to dismiss this case with prejudice.

---

[1] In Bonetti, the court explained: "if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." 715 F. Supp. 2d at 1228.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED** that:

(1)   The parties' Joint Motion for Approval of Settlement and to Dismiss the Case with Prejudice (Doc. # 24) is **GRANTED.**

(2)   The parties' settlement is approved. This case is **DISMISSED WITH PREJUDICE.**

(3)   The Clerk is directed to **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>16th</u> day of April, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE